CLEARY GOTTLIEB STEEN & HAMILTON LLP
Angela L. Dunning (212047)
adunning@cgsh.com
Samuel Blankenship (339905)
sblankenship@cgsh.com
Kimberly Bittinger (359907)
kbittinger@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4100
Facsimile: 650-815-4199

Nowell D. Bamberger (*pro hac vice pending*)
nbamberger@cgsh.com
2112 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 974-1500

*Counsel for Defendant*
*AliExpress E-Commerce One Pte., Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOSEPH ABDULLAH on behalf of himself and all similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>ALIEXPRESS E-COMMERCE ONE PTE., LTD.,<br><br>Defendant. | Case No. 3:25-CV-05206 CRB<br><br>**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANT ALIEXPRESS E-COMMERCE ONE PTE., LTD.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: February 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6<br>Judge: Hon. Charles R. Breyer |

**PLEASE TAKE NOTICE** that AliExpress E-Commerce One Pte., Ltd. ("AliExpress") requests that the Court consider the documents and facts identified below in support of its Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion"). Exhibits 1 through 3 are attached to the Declaration of Angela L. Dunning ("Dunning Declaration") filed concurrently herewith.

## I. INTRODUCTION

The Court should consider Dunning Exhibits 1 through 3 in resolving AliExpress's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). All of these documents are either incorporated by reference into the Second Amended Complaint (Dkt. 20) and/or the proper subject of judicial notice under Federal Rule of Evidence 201 ("Rule 201").

The documents that are the subject of this motion are as follows:

| EX. | DESCRIPTION | COMPLAINT CITATION AND/OR PUBLICLY AVAILABLE RECORD: |
|---|---|---|
| 1 | AliExpress.com's Privacy Policy, effective as of May 27, 2025 | Compl. ¶ 13<br><br>Publicly available at: https://terms.alicdn.com/legal-agreement/terms/suit_bu1_aliexpress/suit_bu1_aliexpress201909171350_82407_9_15_30867.html?spm=a1zaa.8161610.0.0.14b17c5aE7Pw1t. |
| 2 | AliExpress's Cookie Notice, effective as of May 16, 2024 | Publicly available at: https://terms.alicdn.com/legal-agreement/terms/c_platform_service_agreement/20240401172006520/20240401172006520.html |
| 3 | AliExpress.com's Terms of Use, effective as of April 1, 2025 | Publicly available at: https://terms.alicdn.com/legal-agreement/terms/suit_bu1_aliexpress/suit_bu1_aliexpress202204182115_66077.html |

## II. LEGAL STANDARD

On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

**<u>Incorporation by Reference</u>:** A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 1002 (9th Cir. 2018); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (incorporation by reference doctrine "prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims are based") (alterations and internal quotations omitted) (citation omitted). Where a document is incorporated by reference, the court "may treat … [it] as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908; *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (same).

**<u>Judicial Notice</u>:** Rule 201 requires a court to "take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice is appropriate where a fact is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Judicially noticeable matters may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

## III. ARGUMENT

### A. Exhibit 1 Is Incorporated by Reference in the Complaint

The Court should consider Dunning Exhibit 1 under the incorporation by reference doctrine because it is cited and discussed in the Second Amended Complaint and forms the basis for Plaintiffs' claims. Exhibit 1 is AliExpress.com's Privacy Policy, effective as of May 27, 2025 and publicly available at the above-referenced webpage. The Second Amended Complaint cites to AliExpress's Privacy Policy and asserts that AliExpress's actions do not conform to its Privacy Policy. Compl. ¶ 13. Plaintiff does not present this document to the Court but makes allegations about what AliExpress's Privacy Policy requires and provides. *Id.* In ruling on AliExpress's

Motion to Dismiss, the Court should consider the actual contents of the Privacy Policy, rather than relying on Plaintiff's characterizations.

**B. The Court Should Take Judicial Notice of Exhibits 1-3**

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (emphasis added) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

To the extent not incorporated in the Second Amended Complaint, the Court should take judicial notice of Dunning Exhibit 1. Additionally, the Court should take judicial notice of Dunning Exhibit 2, AliExpress's Cookie Notice (effective as of May 16, 2024), and Dunning Exhibit 3, AliExpress.com's Terms of Service (effective as of April 1, 2025). All of these documents are publicly available through AliExpress.com's website at the above-cited webpages, and the contents are not subject to reasonable dispute. They are, therefore, a proper subject of judicial notice. *See, e.g., Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."); *Gallagher v. Bayer AG*, 2015 WL 1056480, at *3 (N.D. Cal. Mar. 10, 2015) (taking judicial notice of screenshots of defendants' website). Further, "courts in the Ninth Circuit routinely take judicial notice of terms of services." *Yuksel v. Twitter*, 2022 WL 16748612, at *3 (N.D. Cal. Nov. 7, 2022); *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of Google's Terms of Service); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016); *Hirlinger v. WP Co. LLC*, 2024 WL 2941630, at *2 (N.D. Cal. June 10, 2024).

## IV. CONCLUSION

AliExpress respectfully requests that, in ruling on its Motion, the Court: (1) consider Dunning Exhibit 1 under the incorporation by reference doctrine, or in the alternative take judicial notice of that exhibit; and (2) take judicial notice of Dunning Exhibits 2 and 3.

Dated: December 8, 2025

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Angela L. Dunning
Angela L. Dunning

Attorneys for Defendant
ALIEXPRESS E-COMMERCE ONE PTE., LTD.